IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TARYN ELKINS-DENALI,<br><br>                 Plaintiff,<br><br>v.<br><br>SYNCHRONY FINANCIAL, a Delaware corporation; and its wholly owned subsidiary SYNCHRONY BANK; and JOHN DOES I-X,<br><br>                 Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 2:22-CV-562 TS<br><br>District Judge Ted Stewart |

      This matter is before the Court on Defendants' Motion to Dismiss. Plaintiff has failed to respond and the time for doing so has expired.[1] For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

      Plaintiff's father opened three separate credit card accounts with Synchrony Bank. Plaintiff was added as a secondary account holder on each of the accounts. In October 2020, Plaintiff's father passed away. At the time of his death, Defendant's father had balances due on each of the accounts. After learning that these balances were affecting her credit, Plaintiff attempted to contact Synchrony Bank to try to resolve her father's outstanding debt. Plaintiff's efforts were ultimately unsuccessful, and Synchrony Bank continues to report these accounts as delinquent. Plaintiff brings a single claim under the Fair Debt Collection Practices Act ("FDCPA").

---

[1] DUCivR 7-1(a)(4)(A)(iii).

1

## II.  STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[3] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[7]

---

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

### III.  DISCUSSION

To establish a violation of the FDCPA, Plaintiff must show that (1) she is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) her debt arises out of a transaction entered into primarily for personal, family, or household purposes, as required by 15 U.S.C. § 1692a(5); (3) Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6); and (4) Defendants, through their acts or omissions, violated a provision of the FDCPA.

A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts."[8] However, that term does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person."[9] Thus, "[c]reditors collecting on their own accounts are generally excluded from the statute's reach."[10]

Here, Plaintiff's allegations make clear that Defendants are not debt collectors. Rather, Defendants are creditors attempting to collect on their own accounts. As a result, Plaintiff's FDCPA claim fails as a matter of law.

### IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 6) is GRANTED.

---

[8] 15 U.S.C. § 1692a(6).

[9] *Id.* § 1692a(6)(F)(ii).

[10] *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 41 (1st Cir. 2010); *see also Green v. Capital One*, No. 2:11-cv-311-TC, 2011 WL 3351342, at *2 (D. Utah Aug. 3, 2011) (dismissing FDCPA claim against a bank attempting to collect its own debt).

DATED this 21st day of November, 2022.

                BY THE COURT:

                _____
                Ted Stewart
                United States District Judge